UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD "CHIP" CASSIDY, etc., | CASE NO. 1:05CV2223 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| WEST MARINE PRODUCTS, INC., | **OPINION AND ORDER** |
| Defendant. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #42) of Defendant, West Marine Products, Inc. ("West Marine"), for Reconsideration of the Court's Opinion and Order (Docket No. 38). For the following reasons, the motion is denied.

### I. BACKGROUND

After reviewing the parties' cross-motions for summary judgment on the issues of liability and damages, this Court entered its Opinion and Order (ECF DKT #38) on June 21, 2007, addressing whether it possessed subject matter jurisdiction over the captioned case pursuant to 28 U.S.C. § 1332(a) – diversity jurisdiction. Since the evidence in the record demonstrated Plaintiff, Donald "Chip" Cassidy ("Cassidy"), cannot recover injunctive relief,

actual damages, and reasonable attorney's fees in an amount exceeding $75,000, this Court remanded the case to the Erie County Court of Common Pleas for lack of subject matter jurisdiction.  On June 29, 2007, the Erie County Court of Common Pleas acknowledged receipt of the remand.  Thereafter, on July 2, 2007, West Marine filed the instant Motion for Reconsideration.

## II. LAW AND ANALYSIS

28 U.S.C. § 1447(c) provides in part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. * * * A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case."  Furthermore, pursuant to 28 U.S.C. § 1447(d): "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . ."

The Opinion and Order remanding the captioned lawsuit to Erie County Common Pleas Court was entered on June 21, 2007; and a certified copy of the Order was sent to, and acknowledged by, the Erie County Common Pleas Court clerk on June 29, 2007.  Once that occurred, the United States District Court for the Northern District of Ohio, Eastern Division, was divested of jurisdiction to reconsider the matter.  *United States v. Rice*, 327 U.S. 742 (1946); *Hubbard v. Combustion Engineering, Inc.*, 794 F. Supp. 221, 222 (E.D. Mich. 1992); *Oliver v. Sun Life Assur. Co. of Canada*, 417 F. Supp. 2d 865, 867-868 (W.D. Ky. 2006).

The Sixth Circuit, in *Boone Coal and Timber Co. v. Polan*, 787 F.2d 1056, 1060-1061 (6th Cir. 1986), quoted at length from a First Circuit diversity case; and the quoted passage bears significantly upon this Court's obligations in the instant matter.

> Removal ... to the prejudice of state court jurisdiction, is a privilege to be strictly construed, ... and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. *The action must not ricochet back and forth depending upon the most recent determination of a federal court.* ... [T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing could be more inclusive than the phrase "on appeal or otherwise." The district court has *one shot, right or wrong*.
> *In re La Providencia Development Corp.*, 406 F. 2d 251, at 252-53 (1st Cir. 1969) (Emphasis added).

This Court remains convinced its June 21, 2007 Order of Remand was correctly decided. The clear language of 28 U.S.C. § 1447(c) recites: "If **at any time before final judgment** it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (Emphasis added). Although the Court may have believed initially it possessed subject matter jurisdiction — after thoughtful review, the Court determined it did not. Moreover, this situation is distinguishable from those examples cited by West Marine where a plaintiff sought a lower amount of damages in an attempt to defeat federal jurisdiction; or defendants were added or dismissed to destroy diversity of citizenship; or a complaint was amended to eliminate an essential cause of action. There were no intentional acts by Cassidy nor any subsequent events which prompted the Court's jurisdictional decision. Rather, this Court reached its conclusion after deliberation upon the unchanged Complaint and unadulterated facts as detailed in both parties' briefs. Diversity jurisdiction is lacking and therefore, remand is mandated. *Curry v. U.S. Bulk Transport, Inc.*, 462 F. 3d 536, 541 (6th Cir. 2006).

### III. CONCLUSION

By operation of 28 U.S.C. § 1447(c) and (d), the District Court is divested of jurisdiction to reconsider its Order of Remand in the captioned matter.  Even if the Order were reviewed, the Court would adhere to its previous, legally-sound ruling.  The Motion of Defendant, West Marine Products, Inc., for Reconsideration of the Court's Opinion and Order (Docket No. 38) is denied.

**IT IS SO ORDERED.**

**DATE: August 6, 2007**

 **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**